1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

SHOAIB K. NAJLBULLAH,

12                                        Plaintiff,

13    v.

14    U.S. MILITARY,

15                                        Defendant.

16

Case No.: 21cv1896-LL-MDD

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**

**[ECF Nos. 2, 3]**

17    Currently before the Court is Plaintiff's application for leave to proceed in forma
18    pauperis ("IFP"). ECF No. 2. Plaintiff also filed a motion requesting appointment of
19    counsel. ECF No. 3. For the below reasons, both motions are **DENIED**.

20    **I.    MANDATORY SUA SPONTE SCREENING**

21    A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. §
22    1915(a) is subject to mandatory and sua sponte review and dismissal should the Court
23    determine the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief
24    may be granted; or (3) seeks monetary relief against a defendant who is immune from such
25    relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)
26    ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress
27    enacted this safeguard because "a litigant whose filing fees and court costs are assumed by
28    the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In his Complaint, Plaintiff does not identify a defendant. On his civil cover sheet, Plaintiff lists "U.S. Military." ECF No. 1-1. Plaintiff alleges he is the owner of Anaconda Construction & Logistic Services Company ("the Anaconda Company") in Afghanistan. In 2012, he signed contract number W91B4N-12-P-5086 with the "U.S. Military" to burn trash, and later, to move trash out of a camp. Plaintiff alleges that after more than twelve months of work, two of his trucks burned. Plaintiff states, "I had an insurance and claim but as the U.S. Army holder of the insurance they did not accept my claim and told me that it was act of nature and then they terminate my contract for no reason." *Id*. at 2. Plaintiff further states, "I sign the termination and submitted them the claim they reject the claim also and lifted me with no answer." *Id*. Attached to his Complaint is documentation indicating that "Anaconda Construction Company" submitted a claim for labor and "leased equipment expenses" for a total of $451,600, which was denied by the CENTCOM Joint Theater Support Contracting Command, and the denial was affirmed on appeal to the Armed Services Board of Contract Appeals ("ASBCA"). ECF No. 1-2. On his civil cover sheet, Plaintiff listed his claim as one for "other contract." ECF No. 1-1.

Here, it is not clear from the Complaint what terms of the Anaconda Company's contract was breached, or how Plaintiff has standing to bring a claim in his name on behalf of the Anaconda Company, which is apparently a foreign company with an address in Kabul, Afghanistan. *See* ECF No. 1-2 at 1; *Ogunniyi v. Sw. Reg'l Maint. Ctr.*, No.

14cv2904 BEN (NLS), 2015 WL 10857499, at *2 (S.D. Cal. Apr. 30, 2015) (dismissing claim brought by pro se plaintiff whose petition regarding a government contract was denied by ASBCA and the U.S. Court of Appeals for the Federal Circuit). Moreover, based on Plaintiff's allegations and the documents attached to his Complaint, Plaintiff's claim appears to be an appeal of an ASBCA decision. Plaintiff has not pled any grounds for this Court to hear such an appeal. *See Sw. Marine on Behalf of Universal Painting & Sandblasting Corp. v. United States*, 43 F.3d 420, 423 (9th Cir. 1994) (noting that under 41 U.S.C. § 607(g)(1)(A), contract board decisions are appealable to the U.S. Court of Appeals for the Federal Circuit, and are not appealable to district courts unless they involve maritime claims). Moreover, without further specification, it is unlikely the "U.S. Military" is a proper defendant that could provide the relief Plaintiff seeks. *See Weinrich v. U.S. Mil.*, No. 13cv204 AJB (WMC), 2014 WL 1465883, at *1 (S.D. Cal. Apr. 14, 2014) (dismissing claims brought against multiple improperly named defendants, including the "U.S. Military"). Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**.

## II.    MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id*. (internal quotation marks omitted).

Plaintiff states in his form affidavit that he is "unable to pay the costs of these proceedings[.]" ECF No. 2 at 1. Plaintiff states in his application to proceed in forma

pauperis that in 2018 and 2019 he earned $1,800 per month working for Uber. *Id.* During the past 12 months, however, he earned no money, but his wife earned $1,185 working for In-Home Supportive Services in El Cajon, and she expects to earn $1,170 next month. *Id.* at 1-2. He further states that he and his wife have $500 in cash and a vehicle worth $15,000. *Id.* at 2-3. Plaintiff did not fill out the portion of the form inquiring about expenses, except that he pays $700 per month for rent, and his wife pays $1,085. *Id.* at 4.

Here, Plaintiff only partially completed the IFP affidavit form. Most notably, he did not complete the income and expenses sections. He also appears to have made some mistakes. Most notably, he listed his wife's income at $1,185 for the last twelve months, but said he expected $1,170 in income next month from his wife. He also said his rent or mortgage was $700 per month, but his wife's was $1,085 per month. Because Plaintiff's application lacks some particularity, definiteness, and certainty, Plaintiff's motion for IFP is **DENIED without prejudice**.

### III.   MOTION TO APPOINT COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310, (1989). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, the Court cannot request to appoint counsel when Plaintiff has not yet stated a cognizable claim. Having dismissed the Complaint, Plaintiff's motion to appoint counsel is premature and therefore, there is no basis for appointment of counsel pursuant to 28

U.S.C. § 1915(e)(1) at this time. Accordingly, Plaintiff's motion to appoint counsel is **DENIED AS MOOT**.

### IV.   CONCLUSION

For the forgoing reasons, Plaintiff's IFP motion [ECF No. 2] is **DENIED without prejudice**. Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED AS MOOT**. Finally, Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of Court shall close the case.

"The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and "[t]his policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). As such, Plaintiff is **GRANTED LEAVE TO AMEND** his pleading and motions to address the deficiencies stated herein. If desired, Plaintiff may file an amended complaint, renewed IFP motion, and renewed motion for the appointment of counsel on or before **March 14, 2022**. If Plaintiff does not file an amended complaint, this case will remain closed.

**IT IS SO ORDERED**.

Dated:  February 11, 2022

Honorable Linda Lopez
United States Magistrate Judge

21cv1896-LL-MDD